UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUE B.,

                Plaintiff,              **DECISION AND ORDER**

   v.

                                          1:21-cv-00259

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## BACKGROUND

Plaintiff Sue B. ("Plaintiff") brought this action pursuant to Title II and Title XVI of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Social Security income ("SSI") and disability insurance benefits ("DIB"). (Dkt. 1).

On December 14, 2022, Plaintiff's counsel filed a motion to substitute party requesting that this Court issue an order substituting Plaintiff's mother, Dorothy Irene Burrows, for Plaintiff. (Dkt. 22). Defendant indicated that she has no objection to the proposed substitution, but deferred to the Court to determine whether Plaintiff's request should be granted. (Dkt. 25).

## DISCUSSION

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution

1

is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

<u>Survival of Plaintiff's claim</u>

The regulations provide that if an individual dies before any payment of DIB is made, such benefits can be made to the child of the deceased individual if there is no surviving spouse left. 42 U.S.C. § 404(d)(2); *see also* 20 C.F.R. § 404.503(b) (if an individual who has been underpaid dies before receiving payment, the underpayment is paid to the living person in the highest order of priority payable first to the surviving spouse, or a child or children of the deceased individual if there is no surviving spouse left); *Perlow v. Comm'r of Soc. Sec.*, No. 10-cv-1661(SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("[T]he Act expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments." (internal citation omitted)).

Plaintiff was never married and was survived by three minor children at the time of her death: J.I.B., C.J.B., and T.L.B. (Dkt. 22-1 ¶¶ 12, 13; Dkt. 22-2). Accordingly, Plaintiff's Title II claim survives her death.

Plaintiff has also filed a claim for benefits under Title XVI of the Act, which extinguishes when a deceased individual does not have a surviving spouse and is not a disabled child living with a parent at the time of her death. *See* 20 C.F.R. § 416.542(b)(4).

2

Since Plaintiff did not leave a spouse at the time of her death, and was not a disabled child living her parent, her Title XVI claim extinguished upon her death.[1]

Timeliness of Motion

As to the timeliness of Plaintiff's motion, the Federal Rules of Civil Procedure provide that the motion for substitution may be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). Here, Plaintiff's counsel first informed the Court of Plaintiff's death by filing a suggestion of death on July 20, 2022, and filed a motion to stay proceedings to allow Plaintiff's mother to obtain all the necessary documentation prior to filing Plaintiff's motion to substitute. (Dkt. 13; Dkt. 14). Plaintiff's counsel subsequently filed a motion seeking an extension of time to submit Plaintiff's motion to substitute. (Dkt. 17; Dkt. 19). The Court granted Plaintiff's counsel request and extended her deadline to file Plaintiff's motion to substitute until December 19, 2022. (Dkt. 20). Because counsel filed the instant motion on December 14, 2022, the Court finds it timely filed.

Proper Party for Substitution

"A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Perlow*, 2010 WL 4699871, at *2 (*citing Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)). Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent. *Garcia*, 2009 WL 261365, at *1

---

[1] Although not entirely clear, Plaintiff's counsel's application appears to suggest that both Plaintiff's claims survived her death. (Dkt. 22 at 2, 5).

3

("Whether a person is a proper 'successor or representative' of the decedent is determined by New York law."). However, "where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute." *Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.,* 15 Civ. 9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (internal citations omitted); *see also Perlow,* 2010 WL 4699871, at *2 ("when a plaintiff dies destitute, and his widow is not appointed the representative of his estate, the estate need not be distributed before his widow can serve as his substitute, as there is nothing to distribute"); *Roe v. City of New York,* No. 00 Civ.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (plaintiff's parents were properly substituted as his distributees when plaintiff died intestate, did not have a wife or children, when his personal belongings were dispersed among his parents and siblings, and no appointment of an executor or administrator of his estate was made by any court).

Here, Plaintiff's counsel asserts that Plaintiff was destitute at the time of her death and that her estate did not pass through New York State Surrogate's Court because Plaintiff died destitute and did not have a will at the time of her death. (Dkt. 22 at 5-6; Dkt. 22-1 ¶¶ 6-9). She was not married and was survived by three minor children, J.I.B., C.J.B., and T.L.B. at the time of her death. (Dkt. 22 at 5; Dkt. 22-1 ¶¶ 12, 13). Counsel submits that Plaintiff's children have the highest priority under the Act to be entitled to any underpayment of disability benefits in the event Plaintiff's claim is approved. (Dkt. 22 at 5).

The Act expressly provides for payment to survivors or heirs when the eligible person dies before any past-due benefit is completed pursuant to a specified order of priority. *See* 42 U.S.C. § 404(d). Here, Plaintiff died intestate and left no assets. (Dkt. 22 at 5-6; Dkt. 22-1 ¶¶ 5-8). She was not married at the time of her death and, therefore, is not survived by a spouse. However, she was survived by three minor children, who may be eligible to receive Plaintiff's past-due benefits, if any, as her distributees. 42 U.S.C. § 404(d)(2); *see also* N.Y. E.P.T.L. § 4-1.1 (a)(3).

Plaintiff's mother, Dorothy Irene Burrows, is requesting to be substituted on behalf of Plaintiff's minor children to represent Plaintiff's claim. (Dkt. 22-1 ¶ 22). By the Order of the Hon. Erin P. DeLabio, New York State Family Court Judge, dated August 25, 2022, Ms. Borrows was granted sole custody of T.L.B, one of Plaintiff's children. (Dkt. 22-3). On November 18, 2022, by the Order of the Hon. John J. Occaviano, New York State Niagara County Surrogate, Ms. Borrows was appointed legal guardian of J.I.B., and C.J.B., Plaintiff's remaining two children, and received letters of guardianship from Niagara County Surrogate's Court confirming the appointment. (Dkt. 22-4). Therefore, the Court is satisfied that Dorothy Irene Burrows is a proper party for substitution to represent Plaintiff's claim on behalf of Plaintiff's children.

## **CONCLUSION**

Accordingly, Plaintiff's motion for substitution (Dkt. 22) is granted. The Clerk of Court is instructed to amend the case caption.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    January 30, 2023
          Rochester, New York